UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL RODRIGUEZ, NEGEEN MIRREGHABIE, and CHRISTOPHER JENNEN, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>MONDELĒZ GLOBAL LLC,<br><br>Defendant. | Case No.:23-cv-00057-DMS-AHG<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Pending before the Court is Defendant Mondelez Global LLC's ("Defendant" or "MDLZ") motion for reconsideration of the Court's prior order granting in part and denying in part Defendant's motion to dismiss. (ECF No. 30.) Plaintiffs filed a response in opposition (ECF No. 33), and Defendant filed a reply (ECF No. 37.)  For the reasons discussed below, the Court denies Defendant's motion for reconsideration.

## I. BACKGROUND

In this putative class action, Plaintiffs allege that Defendant MDLZ deceptively marketed and sold dark chocolate bars containing unsafe levels of lead and cadmium. MDLZ markets and sells dark chocolate products under a variety of brand names, including Green & Black's Organic Dark Chocolate 70% Cacao ("G&B 70%") and Hu Organic

Simple Dark Chocolate 70% Cacao ("Hu 70%") ("Products"). (*Id.*)[1] Plaintiffs alleged that MDLZ made misleading representations in advertising and marketing the Products and that these misleading representations caused them to purchase the Products believing they were safe, although they contained unsafe amounts of lead and cadmium.

In their FAC, Plaintiffs allege violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., False Advertising Law ("FAL"), *id.* § 17500 et seq., Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq., breach of express warranties, breach of implied warranty of merchantability, and unjust enrichment. On May 10, 2023, Defendant filed a motion to dismiss, which the Court granted in part and denied in part. The Court granted Defendant's motion to dismiss in relation to Plaintiffs' fraudulent omissions theory and misrepresentation claims based on Defendant's websites. However, the Court found Plaintiffs sufficiently alleged claims for misrepresentation based on Defendant's Product labeling. In its present motion, Defendant asks the Court to reconsider its prior order and dismiss all claims with prejudice.

## II.   LEGAL STANDARD

A motion for reconsideration may be brought under Rule 54(b) which provides that any order which does not terminate the case is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011).

The Court has discretion in granting or denying a motion for reconsideration. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d

---

[1] The Court dismissed without prejudice Plaintiffs' claims based on the G&B 85% products for lack of Article III standing. Thus, the Court only considers Plaintiffs' claims based on G&B 70% products and Hu 70% products.

1041, 1046 (9th Cir. 2003). A motion for reconsideration should not be granted absent highly unusual circumstances. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

## III. DISCUSSION

Defendant's motion for reconsideration advances two arguments: (1) the Order is based on a misunderstanding of the Products' labels; and (2) if the Court considers "in context" the statements that "actually appear" on the labels, no reasonable consumer would interpret the labels to mean that the Products are free from unsafe levels of toxic heavy metals. (Def.'s Mot. for Reconsideration ("Def.'s Mot."), at 1, ECF No. 30.) Each argument is addressed in turn.

**A. The Order is not Based on a Misunderstanding of the Product Labels.**

Defendant argues that the Order is based on a misunderstanding of the Product labels because Plaintiffs' characterizations of the labels in the FAC "do not appear on the Product labels." (*Id.*) Specifically, Defendant asserts that the Court mistakenly accepted Plaintiffs' allegations that the following italicized statements appear on the Hu 70% label: "(1) *the product contains only* 'SIMPLE' *ingredients*; (2) *consumption of the product* is 'the way humans ate before industry ruined food'; (3) *a prominent feature of the phrase* 'Get Back to Human'; and (4) *that the product is comprised of only* 'ultra simple ingredients.'" (*Id.* at 6) (quoting Order Granting in Part and Denying in Part Def.'s Mot. to Dismiss, ("Order"), at 20-21, ECF No. 23.) Similarly, Defendant argues that the Court mistakenly accepted Plaintiffs' allegations that the italicized statements "*the bar is made only with* 'the finest' cacao beans *and other premium, fine ingredients*" appear on the G&B 70% label, when they do not. (*Id.*) The Court did no such thing.

Defendant mischaracterizes the Order, selectively quotes from it, and worse, omits material portions. The Court neither intimated nor held that the italicized statements referenced above appear on the Product labels. In fact, the Order states: "MDLZ does not specifically challenge any other statement mentioned in the FAC. Therefore, the Court considers no statements other than 'GET BACK TO HUMAN,' 'SIMPLE DARK CHOCOLATE,' and 'made with fine Trinitario cacao beans.'" (Order at 20, n. 4.) Those statements—"Get Back to Human," "Simple Dark Chocolate," and "made with fine Trinitario cacao beans"—indisputably appear on the Product labels in question. (Def's. Mot. at 7-8.)

Defendant's argument misconstrues the Order by cherry picking portions of the Order out of context and omitting key portions of the Order altogether, like the second sentence in footnote 4, above. To be clear, the Court did not consider any statements other than those depicted on the Product labels and challenged by Defendant in its motion to dismiss. Accordingly, the Order is not based on a misunderstanding of Product labeling. Defendant's argument is rejected as meritless.

**B. Viewed in Context, a Reasonable Consumer Could be Misled by the Products' Labels.**

Defendant further argues that the Court must reconsider its prior Order because "once this Court places the statements that actually appear on the labels 'in context,' it is clear that a reasonable consumer could not interpret them to mean that the Products 'do not contain unsafe levels of toxic heavy metals.'" (Def.'s Mot. at 9.) As discussed, the Court considered only the statements challenged by MDLZ and depicted on the Product labels identified in the FAC. Because the Court considered and rejected the same arguments presented in Defendant's motion to dismiss, it declines to re-consider those arguments in the present motion. "Reconsideration motions are not intended to give parties a 'second bite at the apple. "Neither are they devices permitting the unsuccessful party to 'rehash' arguments previously interested." *Thibodeau v. ADT Security Servs.*, No. 16-cv-2680-GPC-AGS, 2018 WL 1791695 at *2 (S.D. Cal. April 16, 2018) (quoting *Ausmus v.*

*Lexington Ins. Co.*, No. 08-cv-2342 L (LSP), 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009)).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 29, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court